IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MATTHEW PACE,                          *

    Plaintiff,                     *

vs.                                    *

                                CASE NO. 4:12-cv-127 (CDL)

CITIMORTGAGE, INC., a member of *
CITIGROUP, INC.,
                              *

    Defendant.                     *
_____ *

O R D E R

    This action represents yet another example of a person who borrows money, agrees to pay it back, and when he cannot do so seeks to blame the financial institution responsible for collecting what he owes. Blaming the recent so-called financial crisis, many commentators and elected officials have remarkably labeled persons as victims when they cannot pay back loans that they voluntarily agreed to repay. Many of these "victims," perhaps encouraged by such rhetoric, file lawsuits to escape responsibility for their obligations. While human compassion may tempt a court to rescue these persons from their dire financial circumstances, compassion and justice are not always synonymous. Justice requires the Court to follow the law, and the law simply does not provide a remedy in many of these cases. This is one of those cases.

After falling behind on his mortgage loan, Plaintiff Matthew Pace ("Pace") wanted his mortgage servicer, Defendant CitiMortgage, Inc. ("Citi"), to reduce his payments.   Although Citi did temporarily modify his loan to allow for lower payments during a trial period, Citi never modified his loan permanently. Pace thinks this was unfair and seeks to have this Court force Citi to do what it never agreed nor had an obligation to do— reduce his loan payments.   Pace seeks damages and injunctive relief.   He asserts claims for breach of contract, breach of covenant of good faith and fair dealing, promissory estoppel, fraud, and a statutory claim under Georgia's Fair Business Practices Act.   Citi moves to dismiss all of Pace's claims.   As discussed below, Pace's claims fail as a matter of law, and therefore, the Court grants Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 14).

## MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).   The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.   "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.*   Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## FACTUAL ALLEGATIONS

Pace obtained a home loan in December 2007.   After experiencing financial difficulties, Pace missed a mortgage payment in April 2009.   Pace called Citi, his mortgage servicer, to inquire about receiving a modification of his monthly obligation.   Pace alleges that Citi informed him about the federal Home Affordable Modification Program ("HAMP"), which has a ninety-day trial period "to test whether the consumer can make the modified payments and to allow for the submission of all documents." Am. Compl. ¶ 8, ECF No. 12.   Citi instructed Pace to complete the "Customer Hardship Assistance Package," which

included worksheets on his expenses and required that he provide copies of recent pay stubs, tax forms, income statements, bank statements, and property tax information. *Id.* ¶¶ 23-24. Pace promptly submitted the package, but Citi asked Pace to submit additional or duplicate documentation that Citi claimed it did not receive. Pace continued to make his full loan payments during this time. Citi acknowledged receipt of the package in July 2009 and stated that it would take thirty days to process.

Pace received a letter that same month, July 2009, informing him that his account was delinquent, but the letter did not reveal the amount of delinquency. The letter stated that his request for repayment modification was approved temporarily for a trial period and included a schedule of four payments of $893.73 to be made the last day of July, August, September, and October of 2009. Pace received a letter in August 2009 informing him that his reduced payment paperwork had to be redone, but advising him to keep making the reduced payments. Pace alleges that his trial modification period began in September 2009, that he made the first $893.73 payment that month, and that he continued to make the $893.73 payments for the next three months of October, November, and December 2009. Pace alleges that Citi accepted these payments, but shortly thereafter, Citi again informed him that he needed to resubmit the "lending package." *Id.* ¶¶ 28, 42.

Citi notified Pace in February 2010 that he was not eligible for the HAMP modification because he had not made all required trial payments and that he was delinquent in the amount of $16,212.17.  Citi reported the default to consumer reporting agencies.  In June 2010, Citi informed Pace that his loan was acquired by Penny Mac Loan Services, LLC and then assigned to Specialized Loan Services, LLC, who sent a statement for $19,104.59, including late fees and delinquency charges.  Pace subsequently filed this action, and Citi moved to dismiss it. Upon reviewing the parties' briefs, the Court allowed Pace to amend his original Complaint.  Presently pending before the Court is Citi's motion to dismiss the Amended Complaint (ECF No. 14).

## DISCUSSION

Citi contends that all of Pace's claims must be dismissed. As an initial matter, the Court observes that Pace has attempted to raise several new claims and theories of recovery in his brief in opposition to Citi's motion to dismiss.  Pace failed to raise these claims in his Amended Complaint, and the Court will not consider them.  The Court, having previously allowed Pace to amend his original Complaint, finds no legitimate basis for allowing another amendment, particularly via a response brief. The Court addresses the claims actually pleaded by Pace in his Amended Complaint.

## I.   Breach of Contract

Pace alleges Citi "did not perform in accordance with the contract terms regarding the trial modification period." Am. Compl. ¶ 45. Citi responds that Pace's breach of contract claim must be dismissed because Pace fails to allege a particular contractual provision that Citi violated. Pace does assert that Citi "delayed converting the trial modifications into permanent modifications" by demanding additional documentation.[1]   Am. Compl. ¶ 45. Pace relies on the fact that Citi asked for paperwork at least three times over the course of several months, extending the trial period beyond ninety days. Pl.'s Resp. to Def.'s Mot. to Dismiss Pl.'s Am. Compl. 5-6, 11, ECF No. 15 [hereinafter Pl.'s Resp.]. Regardless of the alleged consequences of Citi's demand for additional documentation, Pace has not adequately alleged an express contractual obligation to convert the trial modification into a permanent modification after ninety days. Pace's allegations could be liberally construed to state that Citi had vaguely agreed to convert the temporary modification trial period to a permanent modification of his loan obligations in the future under certain unspecified conditions. Nevertheless, Pace has pointed to no agreement

---

[1] Pace also asserts that Citi "failed to implement . . . adequate procedures and systems to respond to customer[s'] inquiries and complaints" as required under HAMP, *id.*, but HAMP does not create a private right of action to enforce its provisions. *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012) (per curiam).

specifying the conditions under which Citi would agree to the permanent modifications or precisely describing what the terms of the permanent modified loan would be.

Under Georgia law, "unless an agreement is reached as to all terms and conditions and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect." *Johnson v. Oconee State Bank*, 226 Ga. App. 617, 618, 487 S.E.2d 369, 371 (1997) (internal quotation marks omitted). In *Johnson,* the court reasoned that a letter agreement committing to a certain interest rate for one year, after which the bank would agree to renew the loan for an additional year "at an interest rate to be negotiated" was not enforceable because "interest payable on a loan is an essential term" that was lacking in the agreement. *Id.* Likewise, Citi's alleged agreement to offer a permanent modification of unspecified terms—such as interest rate, monthly payment amount, principal, and loan maturity date—if Pace fulfilled the terms of the trial payment period lacks a "meeting of the minds as to all essential terms" and is unenforceable. *Id.* (internal quotation marks omitted).

Pace also alleges that Citi "breached an implied term that required it to extend offers for permanent modifications within a reasonable time period following [Pace]'s performance under the trial modification agreements." Am. Compl. ¶ 47. Even if

such an agreement were enforceable, which it is not for the reasons previously explained, Pace's own allegations demonstrate that he failed to comply with his end of the alleged bargain. Although Pace generally alleges that he complied with all obligations by timely submitting all requested documentation and payments as agreed, *id.* ¶¶ 9, 29, this general allegation is inconsistent with the specific facts alleged.  Pace alleges in his Amended Complaint that he did not start making the $893.73 payments until September 2009; yet, he also alleges that he was supposed to start making these payments in July 2009.[2] Therefore, even if Pace's allegations were sufficient to establish the existence of an enforceable contract, his allegations demonstrate that he failed to comply with his obligations under that agreement.  Because the facts Pace alleges show that Pace failed to perform in accordance with the implied term and thus trigger Citi's duty to perform, his claim that Citi breached the implied term must fail.  *See Budget Rent-a-Car of Atlanta, Inc. v. Webb*, 220 Ga. App. 278, 279, 469 S.E.2d 712, 713 (1996) (explaining that breach of contract requires a breach and "resultant damages to the party who has the right to complain about the contract being broken").

---

[2] Citi pointed out these same flaws in the original Complaint in its first motion to dismiss.  Def.'s Mot. to Dismiss 4 n.3, ECF No. 4.

Citi's motion to dismiss Pace's breach of contract claim is granted because Pace has failed to allege sufficient facts to establish the existence of an enforceable agreement. Alternatively, Pace's claim must fail because Pace has not adequately alleged a breach of the alleged contract.

## II.  Breach of Covenant of Good Faith and Fair Dealing

Unable to establish a breach of an enforceable agreement to modify his loan payments permanently, Pace resorts to allegations that Citi acted unfairly and thus breached the implied covenant of good faith and fair dealing.  Pace argues that Citi acted in bad faith when it misled him into believing that he would receive a permanent modification to his loan payments, failed to disclose that his modified payments may be reported to credit bureaus as delinquent, delayed the processing of his loan modification by allegedly losing paperwork, failed to provide adequate information or communication regarding the loan modification programs, and reinstated the amount due under the loan and resulting late fees after the modification was denied.  Am. Compl. ¶ 51.

Under Georgia law, "every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement." *Martin v. Hamilton State Bank*, 314 Ga. App. 334, 335, 723 S.E.2d 726, 727 (2012); *see Stuart Enters. Int'l, Inc. v. Peykan, Inc.*, 252 Ga. App. 231, 233, 555 S.E.2d 881, 884

(2001) (describing the common law duty as a "duty to diligently and in good faith seek to comply with all portions of the terms of a contract"). This duty, however, does not create an independent cause of action disconnected from the contract from which it arises. *Stuart Enters.*, 252 Ga. App. at 233-34, 555 S.E.2d at 884. If no contract provision exists upon which this duty of good faith can be imposed, then no cause of action exists for the failure to act in good faith generally without a distinct connection to the contract terms. *Id.*

Here, Pace fails to even point to a provision in an enforceable contract which Citi allegedly failed to perform in good faith. As previously found by the Court, no enforceable contract exists obligating Citi to modify Pace's loan payments. Without an enforceable agreement on which to base his lack of good faith performance claim, Pace likewise cannot prevail on his breach of implied duty of good faith claim. *See Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 374, 601 S.E.2d 842, 847 (2004) (holding that where a plaintiff "cannot prevail on [his] breach of contract claim, [he] cannot prevail on a cause of action based on the failure to act in good faith in performing the contract").

## III. Promissory Estoppel

Pace's promissory estoppel claim must also be dismissed. Pace alleges that he relied to his detriment on Citi's

10

representations about loan modification programs by pursuing a HAMP modification through Citi to the exclusion of other alternatives for curing and avoiding his default. Am. Compl. ¶¶ 53-57. In Georgia, a claim for promissory estoppel requires that "(1) the defendant made a certain promise[;] (2) the defendant should have reasonably expected the plaintiff to rely on such promise[;] (3) plaintiff did, in fact, rely on such promise . . . to his detriment; and (4) an injustice can be avoided only by the enforcement of the promise[.]" *Everts v. Century Supply Corp.*, 264 Ga. App. 218, 220, 590 S.E.2d 199, 202 (2003).

"Promissory estoppel does not . . . apply to vague or indefinite promises." *Lovell v. Ga. Trust Bank*, No. A12A1234, 2012 WL 5935975, at *5 (Ga. Ct. App. Nov. 28, 2012) (internal quotation marks omitted). Georgia courts have held that a promise to renew a loan of unspecified terms is too vague to support a promissory estoppel claim. *See, e.g.*, *Ga. Invs. Int'l, Inc. v. Branch Banking & Trust Co.*, 305 Ga. App. 673, 675-76, 700 S.E.2d 662, 663-64 (2010) (finding that a promise contemplating a loan renewal for a certain duration without specifying the interest rate or maturity date could not support a promissory estoppel claim); *Jackson v. Ford*, 252 Ga. App. 304, 308, 555 S.E.2d 143, 147-48 (2001) (holding that a promise which could not support breach of contract allegations was also too

vague and indefinite to sustain a promissory estoppel claim).
For the same reason, Pace's promissory estoppel claim fails.

In addition, Pace has not adequately alleged sufficient facts establishing "[d]etrimental reliance which cause[d] a substantial change in position." *Clark v. Byrd*, 254 Ga. App. 826, 828, 546 S.E.2d 742, 745 (2002). Pace fails to state how pursuing a HAMP modification through Citi prevented him from "pursu[ing] other options for curing the immediate default [and] prevent[ing] further delinquency." Pl.'s Resp. 11. The Court also observes that Pace actually benefitted from making reduced payments while still living in his house and avoiding foreclosure for a period after his default.

For all of these reasons, Pace's promissory estoppel claim is dismissed.

**IV. Fraud**

Pace has also failed to allege sufficient facts to maintain his fraud claim. Federal Rule of Civil Procedure 9(b) articulates a heightened pleading standard for fraud requiring that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Eleventh Circuit has held that Rule 9(b) requires a complaint to set forth (1) precisely what oral statements or omissions were made or what written statements were made in what documents, (2) the time and place of each such statement or omission and the person

responsible for making or not making them, "(3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). Pace's Amended Complaint is devoid of specific factual allegations establishing the essential elements of a fraud claim. In more straightforward (and perhaps colloquial) terms, Pace is simply grasping for straws.

**V.   Georgia Fair Business Practices Act Claim**

Pace's last straw is his statutory claim under the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-393, *et seq.* Citi argues that the Georgia Fair Business Practices Act does not apply to claims arising from a lender's failure to modify a residential mortgage because residential mortgage transactions are regulated by other state and federal statutes, including the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Georgia Residential Mortgage Act. The Court finds Citi's argument persuasive under the specific circumstances alleged in Pace's Amended Complaint, particularly given that Citi was considering the modification under a federal program. *See Chancellor v. Gateway Lincoln-Mercury, Inc.*, 233 Ga. App. 38, 45, 502 S.E.2d 799, 805 (1998) (stating that the Fair Business Practices statute was intended to "have a restricted application only to the unregulated consumer marketplace").

13

Accordingly, Pace's Georgia Fair Business Practices Act claim must be dismissed.

CONCLUSION

For the reasons stated above, Citi's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 14) is granted.

IT IS SO ORDERED, this 3rd day of January, 2013.

S/Clay D. Land

CLAY D. LAND
UNITED STATES DISTRICT JUDGE